IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOSHUA D. SLINKARD, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 14-CV-0091-GKF-FHM |
| | ) |
| JOE ALLBAUGH, Director,[1] | ) |
| | ) |
| Respondent. | ) |

**OPINION AND ORDER**

Before the Court is the petition for writ of habeas corpus (Dkt. # 1), filed by Petitioner Joshua Slinkard, a state prisoner appearing pro se. Respondent filed a response (Dkt. # 7) and provided the state court records (id.) necessary for adjudication of Petitioner's claim. Petitioner filed a reply to the response (Dkt. # 8). For the reasons discussed below, the Court denies the petition for writ of habeas corpus.

*BACKGROUND*

The record reflect that, on September 10, 2012, in Mayes County District Court, Case No. CF-2011-150, Petitioner, appearing with his attorney, Jacqueline Rhodes, signed a Plea of Guilty Summary Facts form and pled guilty, pursuant to a plea agreement, to one count of Lewd or Indecent Acts to a Child under Sixteen. Dkt. ## 7-5, 7-6. The trial court judge sentenced Petitioner to twenty-five (25) years imprisonment and a $1,000 fine and ordered the sentence to run

---

[1] Petitioner is in custody at the North Fork Correctional Facility in Sayre, Oklahoma. Pursuant to Rule 2(a), Rules Governing Habeas Corpus Cases, the proper party respondent in this matter is Joe Allbaugh, Director. Therefore, Joe Allbaugh, Director, is substituted in place of Terry Martin, Warden, as party respondent. The Clerk of Court shall note the substitution on the record.

concurrently with Petitioner's sentence entered in Tulsa County District Court, Case No. CF-11-504. Dkt. # 7-6 at 9-10. Petitioner did not file a motion to withdraw his plea of guilty and did not file a certiorari appeal to the Oklahoma Court of Criminal Appeals (OCCA). See Dkt. # 7-4 at 1.

On August 28, 2013, Petitioner filed an application for post-conviction relief (Dkt. # 7-1) in Mayes County District Court, Case No. CF-2011-150, and raised the following proposition of error:

> Ground 1: The trial court erred when it accepted Petitioner's plea agreement because the plea was not given voulantarily [sic].

Id. After the state district court denied relief, see Dkt. # 7-2, Petitioner appealed. By order filed February 20, 2014, the OCCA imposed a procedural bar on Petitioner's claim and affirmed the district court's denial of post-conviction relief. See Dkt. # 7-4.

Petitioner then commenced a federal habeas action by filing a petition for writ of habeas corpus (Dkt. # 1). Petitioner raises one ground of error, as follows:

> Ground 1: The trial court erred when it accepted Petitioner's plea agreement when it was not given voluntarily.

Id. In response, Respondent asserts that the claim raised in the petition for writ of habeas corpus is procedurally barred. See Dkt. # 7.

## ANALYSIS

**A.    Exhaustion**

As an initial matter, the Court must determine whether Petitioner meets the exhaustion requirements of 28 U.S.C. § 2254(b). Rose v. Lundy, 455 U.S. 509, 510 (1982). Petitioner presented the claim raised in the petition to the OCCA on post-conviction appeal. Therefore, he has exhausted his state court remedies as to this claim.

### B.  Appointment of Counsel

In his petition, Petitioner requests appointment of counsel. See Dkt. # 1 at 5. The Court denies Petitioner's request. There is no constitutional right to counsel beyond the direct appeal of a conviction. See Swazo v. Wyoming Dep't of Corrections, 23 F.3d 332 (10th Cir.1994).

### C.  Procedural Bar

As his only ground of error, Petitioner contends "[t]he trial court erred when it accepted Petitioner's plea agreement when it was not given voluntarily." See Dkt. # 1 at 5. On post-conviction appeal, the OCCA applied a procedural bar. See Dkt. # 7-4. The OCCA cited state law and concluded "Petitioner's propositions of error could have been raised on certiorari appeal following the denial of a motion to withdraw his plea, and are thus waived." Id. at 2 (citation omitted).

The doctrine of procedural bar prohibits a federal court from considering a specific habeas claim where the state's highest court declined to reach the merits of that claim on independent and adequate state procedural grounds, unless a petitioner "demonstrate[s] cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate[s] that failure to consider the claim[] will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750 (1991); see Maes v. Thomas, 46 F.3d 979, 985 (10th Cir. 1995); Gilbert v. Scott, 941 F.2d 1065, 1067-68 (10th Cir. 1991). "A state court finding of procedural default is independent if it is separate and distinct from federal law." Maes, 46 F.3d at 985. A finding of procedural default is an adequate state ground if it has been applied to "similar" claims evenhandedly "in the vast majority of cases." Id. at 986 (internal quotation omitted).

Applying the principles of procedural bar to these facts, the Court concludes the OCCA's procedural bar, based on Petitioner's failure to raise his claim on certiorari appeal, was an independent ground because Petitioner's failure to comply with state procedural rules was "the exclusive basis for the state court's holding." See Maes, 46 F.3d at 985. The OCCA based its decision solely upon Oklahoma rules and case law, including Oklahoma's Post-Conviction Procedure Act, Okla. Stat. tit. 22, §§ 1080-1089. In addition, the procedural bar was based on state law grounds adequate to preclude federal review. See Ellis v. Hargett, 302 F.3d 1182, 1186 (10th Cir. 2002) (holding a petitioner's failure to raise a claim in a prior application, as required by Okla. Stat. tit. 22, § 1086, "is an independent and adequate state ground for denying habeas relief").

Habeas review is precluded, therefore, unless Petitioner "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750. The cause standard requires a petitioner to "show that some objective factor external to the defense impeded . . . efforts to comply with the state's procedural rule." Murray v. Carrier, 477 U.S. 478, 488 (1986). Examples of such external factors include the discovery of new evidence, a change in the law, and state officials' interference. See id.

In his reply brief, Petitioner offers the following explanation for his failure to file a timely motion to withdraw his guilty plea:

> [he] did want to withdraw [his guilty plea]. However, he knew that he would be unable to contact his lawyer while in the jail. Petitioner respectfuly [sic] submits that he did request to use the phone while in jail – the guards refused Petitioner's request.
> Petitioner wished to return to Dick Conner Correctional Center (DCCC) where he could file his appeal at the law library. However, because inmates are allowed law library only one day a week (Petitioner returned to DCCC on a Friday afternoon), Petitioner's unit wen [sic] to law library on Friday; therefore, before he could get to the law library he was out of time to file an appeal.

4

Dkt. # 8 at 2.

Petitioner's assertions are insufficient to demonstrate cause. First, Petitioner asserted in his Plea of Guilty Statement of Facts and again at his plea and sentencing hearing that he did not wish to remain in jail for ten days to determine whether he would file an application to withdraw his plea of guilty. See Dkt. # 7-5 at 11; Dkt. # 7-6 at 10. Second, Petitioner does not assert that he attempted to contact his attorney during the ten days but could not. Instead, Petitioner asserts that he believed he would not have been able to contact his attorney if he had tried. Petitioner avers that the guards denied him the use of a telephone, but Petitioner does not assert that he was attempting to contact his lawyer at that time or that the guards prevented him from contacting his lawyer. Third, Petitioner states he wanted to "file his appeal" using the law library at DCCC, but Petitioner does not assert that he could not have filed his application to withdraw from the county jail where he was housed. Therefore, the Court finds Petitioner has failed to demonstrate an external cause sufficient to overcome the procedural bar.

Furthermore, the OCCA made a finding of fact that Petitioner failed to demonstrate that he had been denied a certiorari appeal through no fault of his own. See Dkt. # 7-4 at 2-3. That factual finding is presumed correct unless rebutted by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). Petitioner fails to present any evidence to rebut the OCCA's finding of fact and it is presumed correct.

Because Petitioner fails to demonstrate "cause," Petitioner must show that a "fundamental miscarriage of justice" will result if the Court does not consider the claim raised in Ground 1. The fundamental miscarriage of justice exception to the doctrine of procedural bar is applicable only when a petitioner asserts a claim of actual innocence. Herrera v. Collins, 506 U.S. 390, 403-404

(1993); Sawyer v. Whitley, 505 U.S. 333, 339-41 (1992); see Schlup v. Delo, 513 U.S. 298 (1995). To meet this test, a criminal defendant must make a colorable showing of factual innocence. Beavers v. Saffle, 216 F.3d 918, 923 (10th Cir. 2000) (citing Herrera, 506 U.S. at 404). Under Schlup, a showing of innocence sufficient to allow consideration of procedurally barred claims must be "so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error . . . ." Schlup, 513 U.S. at 316. Petitioner has the burden of persuading this Court "that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." Id. at 329. "The exception is intended for those rare situations where the State has convicted the wrong person of the crime . . . . [Or where] it is evident that the law has made a mistake." Klein v. Neal, 45 F.3d 1395, 1400 (10th Cir. 1995) (internal quotation marks and citation omitted).

In his reply brief, Petitioner states the "trial records show that Petitioner originally wished to – [sic] plead no contest – which established he was proclaiming his innocence." Dkt. # 8 at 1-2 (citation omitted). Contrary to Petitioner's assertion, a plea of no contest is not an assertion of actual innocence but "is an admission of guilt." See Zebelman v. U.S., 339 F.2d 484, 485 (10th Cir. 1964). In his Plea of Guilty Summary of Facts form, Petitioner affirmed he "commit[ted] the acts as charged in the information." Dkt. # 7-5 at 5. During his plea and sentencing hearing, Petitioner never asserted he was innocent of the charges against him. See Dkt. # 7-6. In this habeas action, Petitioner fails to provide any new evidence in support of a claim of actual innocence. Therefore, Petitioner's claim of actual innocence is insufficient and he does not fall within the narrow fundamental miscarriage of justice exception.

Accordingly, because Petitioner has not demonstrated "cause" or that a "fundamental miscarriage of justice" will result if the claim raised in Ground 1 is not considered, the Court concludes it is procedurally barred from considering the merits of Petitioner's claim. Coleman, 501 U.S. at 750. The Court denies habeas corpus relief on Ground 1.

### D.     Certificate of Appealability

Rule 11, Rules Governing Section 2254 Cases in the United States District Courts, instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." The Court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the Court "indicate[s] which specific issue or issues satisfy [that] showing." 28 U.S.C. § 2253. A petitioner can satisfy the standard by demonstrating the issues raised are debatable among jurists, a court could resolve the issues differently, or the questions deserve further proceedings. Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (citation omitted). In addition, when the Court's ruling is based on procedural grounds, Petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. at 484.

After considering the record in this case, the Court concludes a certificate of appealability should not issue. Petitioner's claim is denied on a procedural basis, and Petitioner has failed to satisfy the second prong of the required showing, i.e., that the Court's ruling resulting in the denial of the petition on procedural grounds is debatable. A certificate of appealability shall be denied.

*CONCLUSION*

After careful review of the record, the Court concludes Petitioner has not established he is in custody in violation of the Constitution or laws of the United States. Therefore, the Court denies the petition for writ of habeas corpus.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. The Clerk shall note on the record the substitution of Joe M. Allbaugh, Director, in place of Terry Martin, Warden, as party respondent.

2. The petition for a writ of habeas corpus (Dkt. # 1) is **denied**.

3. A certificate of appealability is **denied**.

4. A separate judgment shall be entered in this matter.

**DATED** this 18th day of August, 2016.

GREGORY K. FRIZZELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT